## LAKEWOOD (city) v JOHNSON

Municipal Court of Lakewood

Decided April 12, 1937

### OPINION

By WILLIAMS, J.

This case is predicated upon an affidavit charging the defendant with violating §33 of Ordinance 3171 of the city of Lakewood. This ordinance attempts to regulate the weight of the load carried by a vehicle while upon the streets of the city of Lakewood. To this charge, upon arraignment, the defendant, through his counsel, entered a plea of not guilty. Thereafter the prosecutor for the city of Lakewood and counsel for the defendant settled upon an agreed statement of facts, and each has filed a brief on the questions presented in the law suit.

The questions for consideration arise out of the fact that the ordinance, stripped down to bare essentials, provides a weight of twelve tons as being the maximum weight a vehicle shall carry upon streets of the city of Lakewood, whereas, by statutory enactment the General Assembly has provided in §7248-1, GC, and related sections, for weights in excess of the weight allowed by the ordinance in question. Suffice it to say, without burdening this opinion to unreasonable and unnecessary length by setting forth the statutes and ordinance in full, for they are otherwise available to the court and counsel. the statutes provide that a vehicle of the type involved in this case, may lawfully carry up to 42,000 pounds while on improved highways within the state of Ohio; the ordinance applying to the city of Lakewood provides for a weight not in excess of 24,000 pounds; the load in question, according to the agreed statement of facts, was 34,180 pounds. Therefore it can be conceded that if the Lakewood ordinance conformed to the state law, the defendant would not have been guilty of a violation.

Counsel for defendant contends for two propositions, first: that this city ordinance is unconstitutional; second: that it imposes an unreasonable burden upon interstate highway traffic.

Taking up first matters first, therefore, what shall we say on the question of the constitutionality of the ordinance? We do know that the legislature has passed certain laws having to do with the weight of loads carried upon the improved public highways, streets, bridges and culverts within the state of Ohio, and if it will not be conceded, then the court will take judicial notice of the fact that the city of Lakewood is within and a political subdivision of the state of Ohio. No one will gainsay the statement, but that the statutory law of the state would unquestionably apply if the legislative branch of the city government had passed no ordinance whatever concerning the same subject matter.

Now in this matter, the city council has

enacted its certain legislation concerning the same subject matter as the statutes but, in so doing has seen fit to substantially vary the terms and provisions of the statute. The city would like to have its ordinance upheld by the court. The defendant is seeking to have it declared invalid.

Now, it does appear that since the adoption in 1912 of the Constitution as then amended, a municipality has the power to enact its own ordinances. I do learn however that prior to this time all authority of government granted to the municipality came from the legislature, but that with the adoption of the Constitution in 1912, there was included therein **Article 18,** and in particular §3 thereof, which reads as follows:

"Municipalities shall have authority to exercise all powers of local self-government, and to adopt and enforce within their limits such local police, sanitary and other similar regulations as are not in conflict with general laws."

In my judgment, we must note at once the significant language "as are not in conflict with general laws." If this is anything at all, it is a restriction upon the legislative branch of a municipal government. Being language lifted from the constitution of the state of Ohio, it is a part of the basic law of this state. It is language which prevents a municipality from becoming sovereign unto itself. It is language that reserves unto the state the power to enact laws of a general nature and of uniform operation within its boundaries.

Suppose for the sake of argument and, we hope, clarification, the General Assembly enacted Chapter 9 of the General Code entitled "Traffic Regulation," which chapter includes §7248-1 GC and other sections related to the question under consideration, and had by specific provision excluded from the operation of such statute the highways and streets within the corporate limits of the city of Lakewood. In such event it would seem that no argument would be required to uphold the contention of unconstitutionality, for the reason that such laws being general laws, were not of uniform application throughout the state.

In other words, if the legislature, in passing the laws referred to as we find them written into the statutes, provided further, as a conclusion to each section, somewhat as follows: "the foregoing provisions shall apply generally to all improved highways in the state of Ohio, except those within the city of Lakewood," in such case I seriously doubt that any member of the bar would be heard to argue for the constitutionality of such act, and certainly no court would consider upholding the validity of such laws. It may be a mere dictum on the part of this court to say so, but nevertheless from an abundant experience incident to the trial of numerous traffic cases, the fact is that uniformity of traffic laws and regulations is an end greatly to be desired. The variation of the legislative councilmanic mind, with its attendant results, has wrought a decided confusion relative to motor vehicle operation. Standard uniform laws of general application throughout the state and nation, in my judgment, would tend to promote the public safety and welfare.

Getting back to the ultimate question at hand however, the court has discovered that it offers no small concern to determine how far a municipality can go in attempting to adopt laws in the exercise of local self-government. Particularly does this seem to be true since the adoption of the constitution of 1912 including Article 18. Where this right begins and ends is indeed sometimes difficult of decision, insofar as the case law on the subject is concerned.

Notably among the early cases, and one which the director of law for the city of Lakewood cites in his brief, is the case of Froelich v City of Cleveland. In that case, involving a question identical in principle with the one now under consideration, the Supreme Court by a majority opinion held the ordinance to be valid. However, one can read with great interest the dissenting opinion of Judge Jones, beginning on page **401, Volume 99 Oh St.** It is recommended as being good both for reading and logic to anyone interested in the decision in this case. The Froelich case is one of a line of cases supporting the validity of an ordinance such as the one in the case at bar, but as Judge Jones points out in his opinion,

"the judgment in this case is in direct conflict with the principle announced, in the **Cleveland Telephone Co. v The City of Cleveland, 98 Oh St 358, Stange v The City of Cleveland, 94 Oh St 377,** and **Greenberg v The City of Cleveland, 98 Oh St 282.**"

It is apparent at once therefore, that there is authority to be found on both sides of the question. Which course will the courts follow today in the light of an ever-increasingly important problem brought to us by reason of the development of motor

vehicular transportation Can the courts continue to sanction a construction of §3 of the 18th Amendment, which would allow every municipality in the state to enact its own laws on this subject, which laws could be at variance with the statutory law of the state on the same subject? I say every municipality, because in the Froelich case the court held that the right to pass an ordinance such as the one in question accrued "when a city has adopted a charter." (Syllabus 2). Since that time, in the case of the Village of Perrysburg et v Ridgeway, the court held that "the grant of power in §3, Article 18, is (probably means 'applies,) equally to municipalities that do adopt as well as those that do not adopt a charter * * *."

So that under the Froelich case, if that is the authority now to be followed, practically every cross-roads within this state could set up its own laws regulating the weight of trucks which might pass over its highways. For all practical purposes therefore, the minimum of any municipality would become the maximum for the state. In view of the great commerce which has developed in intra and interstate freight transportation, the results of such a rule would indeed be devastating. It would not be progress. It would be ruin. It would not be a sane and sensible administration of law.

As determinative of the question of the constitutionality of this ordinance, I quote the first and second syllabi of the cases of The Village of Struthers v Sokol, and The City of Youngstown v Sandela, 108 Oh St 263:

"1. Municipalities in Ohio are authorized to adopt local police, sanitary and other similar regulations by virtue of §3, Article XVIII, of the Ohio Constitution, and derive no authority from, and are subject to no limitations of the General Assembly, except that such ordinances shall not be in conflict with general laws.

"2. In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa. * * *"

The judgment of this court is that the ordinance under consideration does prohibit that which the statute permits. This court further holds the statute to be a general law intended to apply uniformly throughout the state according to its terms and provisions, and finds the ordinance to be in conflict therewith.

It is to be noted too, before coming to a conclusion, that the legislature in enacting the laws to be found under Chapter 9, General Code, was mindful of the possible effect of these laws upon municipalities, because it provided in §7251 GC as follows:

"Any person violating any provision of law * * * shall be liable for all damages resulting * * * and in the case of an injury to an improved public street, highway, bridge or culvert of a municipal corporation, it shall be the duty of the proper authorities of such municipal corporation to institute an action for the recovery of such damages."

This significant language only serves to argue further and finally that these statutes were intended by the legislature to be of general and uniform operation throughout the state of Ohio.

Holding to the view which the court does, therefore, the ordinance is hereby declared to be unconstitutional, and the defendant is found not guilty and discharged. In the light of this conclusion it is unnecessary to discuss the further question of whether or not the ordinance places an unreasonable burden on interstate traffic. The right of the municipality to adopt an ordinance covering the subject matter of this law suit is of course not questioned, but any such ordinance must conform to the general laws.